FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 04, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM ROBERT and JULIE L. FAYANT,<br><br>    Plaintiffs,<br><br>    v.<br><br>US BANCORP, DBA U.S. BANK NATIONAL ASSOCIATION, GUILD MORTGAGE, DBA. CHERRY CREEK MORTGAGE, FEDERAL HOME LOAN MORTGAGE CORPORATION, JOHN AND JANE DOE, ET AL.<br><br>    Defendants. | No.   2:24-CV-00095-SAB<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND CLOSING FILE** |

  Before the Court are Defendant U.S. Bank National Association's ("U.S. Bank") Motion to Dismiss, ECF No. 4, Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion to Dismiss, ECF No. 9, Plaintiffs' Motion for Summary Judgment, ECF No. 15, Plaintiff's Construed Motion to Remand, ECF No 16, and Guild Mortgage's Motion for Joinder to Motions to Dismiss, Rule 12(b)(2) Motion for Limited Dismissal of Guild, and Rule 21 Motion to Drop Guild Mortgage Company as a Party, ECF No. 17. Plaintiffs are representing themselves in this matter. Defendant U.S. Bank and Defendant Freddie Mac are represented by Jessica Andrade. Defendant Guild Mortgage is represented by

**ORDER DISMISSING CLAIMS; CLOSING THE FILE ~ 1**

Joseph T. McCormick, III and Spencer Rossini.

## Facts

The facts underlying this case have been well-documented. In 2005 and 2006, Plaintiffs obtained loans from Cherry Creek Mortgage ("Cherry Creek") and Washington Trust Bank. The Cherry Creek loan and relevant documents concerning the loan were subsequently endorsed and assigned to U.S. Bank. Plaintiffs used their home in Liberty Lake, Washington as collateral for the loans.

In 2015, Plaintiffs attempted to rescind the loans. They then proceeded to sue U.S. Bank and Cherry Creek in Spokane County Superior Court, asserting claims for (1) quiet title; (2) fraud in the concealment; (3) breach of contract; (4) violations of the Truth in Lending Act; (5) predatory lending; (6) violations of the Washington Consumer Protection Act; and (7) violations of the Washington Deed of Trust Act. Their theory was that their mortgage had been unlawfully sold, assigned and transferred and as a result, the lender no longer has ownership or security interest in the Liberty Lake house. Spokane County Superior Court dismissed all of Plaintiff's claims with prejudice, with the exception of the claim for violations of the Washington Deed of Trust Act.

In 2016, Plaintiffs sued U.S. Bank, Cherry Creek Mortgage, and Washington Trust Bank in the Eastern District of Washington, alleging violations of the Truth in Lending Act and seeking injunctive relief. Plaintiffs were seeking to have the loans and notes encumbering their home cancelled and voided.

Judge Mendoza found that Plaintiffs failed to present a cognizable legal theory under the Truth in Lending Act because the record indicated the subject loans were consummated and rescission had been long unavailable to Plaintiffs. He dismissed their complaint with prejudice. The Ninth Circuit affirmed, finding that Plaintiffs' claims were time-barred because they did not send a notice of recission to Defendant within three years of consummation of the loan. The Ninth Circuit rejected Plaintiffs' assertions that the subject loan transaction was not consummated.

A few years later, Plaintiffs were then sued by U.S. Bank in Spokane County

ORDER DISMISSING CLAIMS; CLOSING THE FILE ~ 2

Superior Court to remove and cancel fraudulent rescission documents that had been recorded by Plaintiffs. Spokane County Superior Court granted U.S. Bank's Motion for Summary Judgment. Plaintiffs attempted to file counterclaims, which were ultimately rejected. This suit was dismissed without prejudice on February 29, 2024. A week later, Plaintiffs filed this instant action in Spokane County Superior Court. Defendants removed the action to the Eastern District of Washington.

## Motion Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Ninth Circuit explained:

> To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

A. **Defendants' Motions**

   1. **Defendant U.S. Bank's Motion to Dismiss**

Defendants assert Plaintiffs' Complaint alleges a host of non-sensical and ill-conceived claims relating to a mortgage loan. It argues each claim fails as a matter of law because (1) they are not grounded in any cognizable cause of action; (2) they are barred by res judicata and collateral estoppel; (3) Plaintiffs failed to schedule any of the instant

**ORDER DISMISSING CLAIMS; CLOSING THE FILE ~ 3**

claims in their collateral bankruptcy proceedings and are judicially estopped from asserting them now; (4) Plaintiffs' claims are time-barred; and (5) Plaintiffs' lack standing to assert claims arising from their challenges to the assignments of a deed of trust.

Plaintiffs did not file a response to Defendant U.S. Bank's Motion to Dismiss.

The Court agrees that Plaintiffs' claims are barred by res judicata and collateral estoppel. Plaintiffs have had three opportunities to fully and fairly litigate their claims relating to the Loan and purported irregularities in the serving and transfer of the Loan. Each time courts have dismissed their claims with prejudice. Plaintiffs have not only asserted claims in the instant action that could have been asserted in any of the three prior suits between it and U.S. Bank, but they have also asserted the exact same claims litigated and dismissed with prejudice.

The Court agrees that Plaintiffs' claims are time-barred under the applicable statute of limitations. Plaintiffs' claims for attempted wrongful foreclosure is not recognized under Washington law and any claim under the Deed of Trust Act is premature because no foreclosure has taken place. Finally, Plaintiffs have not demonstrated they have standing to challenge the assignment of the Loan. Any remaining claims are dismissed for failure to state a claim upon which relief can be granted.

### 2. Defendant Freddie Mac's Motion to Dismiss

Defendant Freddie Mac argues that Plaintiffs' claims should be dismissed because (1) they are barred by res judicata and/or collateral estoppel; and (2) they are time-barred. Plaintiff did not file a response to Defendant's motion.

For the same reasons as set forth above, the Court agrees.

### 3. Defendant Guild Mortgage's Motion for Joinder to Motions to Dismiss, Rule 12(b)(2) Motion for Limited Dismissal of Guild, and Rule 21 Motion to Drop Guild Mortgage Company as a Party

Defendant Guild Mortgage asks to join in pending Motions to Dismiss and also makes a separate argument that it and Cherry Creek are separate business entities and Guild has no relationship to Plaintiffs' loans or to the dispute under which this lawsuit

ORDER DISMISSING CLAIMS; CLOSING THE FILE ~ 4

arises.

The Court agrees. The record demonstrates that Defendant Guild Mortgage is a separate business entity from Cherry Creek Mortgage and is not a proper party to this lawsuit.

### B. Plaintiffs' Motions

In their Motion for Summary Judgment, Plaintiffs ask the Court to grant summary judgment due to the lack of response by Defendant Guild Mortgage. The Court declines to do so for two reasons: First, Defendant Guild Mortgage's counsel filed a Notice of Appearance on April 16, 2024. Second, as demonstrated in its Motion, Guild Mortgage is not a proper party to this action.

In their construed Motion to Remand, Plaintiffs correctly point out the certificates of service indicate that documents were mailed to the wrong address. What they fail to note, however, is that Defendants corrected this oversight. On April 15, 2024, Plaintiffs were served by First Class Mail and Certified Mail, Return Receipt Requested ECF Nos 1-10, which included the Notice of Removal and Defendants' Motions to Dismiss.

For the past ten years, Plaintiffs have been seeking unsuccessfully to avoid the mortgage debt that they encumbered nearly twenty years ago. Although leave to amend pleadings should be freely given, the Court finds that allowing Plaintiffs to file an Amended Complaint would be futile. Three prior courts have dismissed their same or similar claims with prejudice. Plaintiffs have not demonstrated any factual or legal basis to obtain the relief they are requesting. At best, it appears that Plaintiffs are using the court system to avoid the inevitable, which only serves to impede justice for others. The Court will not condone such behavior.

//
//
//
//
//

**ORDER DISMISSING CLAIMS; CLOSING THE FILE ~ 5**

Accordingly, **IT IS ORDERED**:

1. Defendant U.S. Bank's Motion to Dismiss, ECF No. 4, is **GRANTED**. The claims asserted against U.S. Bank are **dismissed with prejudice**.

2. Freddie Mac's Motion to Dismiss, ECF No. 9, is **GRANTED**. The claims asserted against Freddie Mac are **dismissed with prejudice**.

3. Defendant Guild Mortgage Company LLC's Motion for Joinder to Motions to Dismiss by U.S. Bank National Association and Federal Home Loan Mortgage Corporation, Rule 12(b)(6) Motion for Limited Dismissal of Guild, and Rule 21 Motion to Drop Guild Mortgage Company, as a Party, ECF No. 17, is **GRANTED**. The claims asserted against Defendant Guild Mortgage are **dismissed with prejudice**.

4. All remaining claims are **dismissed** with prejudice for failure to state a claim.

5. Plaintiff's Construed Motion to Remand, ECF No. 16, is **DENIED**.

6. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE** the file.

**DATED** this 4th day of June 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING CLAIMS; CLOSING THE FILE ~ 6**